UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIJEANNE LIEDERBACH,<br><br>                        Plaintiff,<br><br>                        v.<br><br>NYU LANGONE HOSPITALS, GAIL CHORNEY AND JOSE LABARCA III,<br><br>                        Defendants. | 24-CV-00742 (JAV)<br><br>**MEMORANDUM OPINION AND ORDER** |

JEANNETTE A. VARGAS, United States District Judge:

The Court is in receipt of Defendants' motion for an order compelling a Rule 35 mental health examination of Plaintiff (ECF No. 63) and Plaintiff's motion for an order compelling a forensic examination of a non-party witness's personal cellphone (ECF No. 62). Defendants' motion for an order compelling a Rule 35 mental health examination of Plaintiff is GRANTED. Plaintiff's motion to compel a forensic examination of a cellphone is DENIED.

**A. Rule 35 Motion**

Defendants have demonstrated good cause for a Rule 35 mental health examination of Plaintiff, as Plaintiff is seeking damages for extraordinary emotional distress. *Robinson v. De Niro*, 600 F. Supp. 3d 286, 290 (S.D.N.Y. 2022) ("[I]f a plaintiff asserts that a defendant's actions caused a mental injury or ongoing mental illness, plaintiff's mental condition is clearly in controversy and good cause is established under Rule 35(a)."); *Rance v. Jefferson Vill. Condo. No. 5*, No. 18 CIV. 6923 (JCM), 2019 WL 12373336, at *2 (S.D.N.Y. Sept. 23, 2019). The sole case cited by Plaintiff, *Jarrar v. Harris*, No. 07-CV-3299 (CBA) (JO), 2008 WL 2946000, at *3 (E.D.N.Y. July 25, 2008), only supports this conclusion. In *Jarrar*, the Court explained that courts in this Circuit typically distinguish between cases in which a plaintiff seeks "garden variety" emotional distress damages, for which Rule 35 examinations are not ordinarily

permitted, and cases in which a plaintiff alleges "a claim of unusually severe emotional distress," which does provide the good cause required for an independent medical examination. *Id.* at *3.

Plaintiff's request that the Court require the parties to agree on a "neutral" examiner, or for the Court to appoint an examiner, finds no support in Rule 35. And unsurprisingly, Plaintiff cites no caselaw in support of this request. Rule 35 examinations are frequently performed by the opposing party's expert witness, so that the party can, through the adversarial process, test the veracity of a party's contentions regarding the scope of their damages. Plaintiff's request is therefore denied.

Plaintiff's request to limit the duration of the examination to two hours is likewise denied. "Courts generally do not limit the amount of time an examining psychologist will have to conduct the examination." *Robinson*, 600 F. Supp. 3d at 291-92 (rejecting request for two-hour mental health examination); *accord Rance*, 2019 WL 12373336, at *5.

Plaintiff similarly seeks to limit the scope of the examination to Plaintiff's "mental and emotional condition as it pertains to the events at issue in this case: her breast cancer diagnosis, termination, and the resulting emotional distress." ECF No. 65 at 2. Yet it is not appropriate for the Court to artificially limit the type of examination an expert deems necessary to fully assess Plaintiff's mental health, absent a showing of good cause. *Gade v. State Farm Mut. Auto. Ins. Co.*, No. 5:14-CV-00048-CR, 2015 WL 12964613, at *4 (D. Vt. Jan. 2, 2015); *see also Rance*, 2019 WL 12373336, at *5 ("During Rule 35 examinations, a physician must be allowed to ask the examinee questions that are reasonably necessary to form an opinion about the condition at issue. Accordingly, courts refrain from limiting the manner in which an examination is conducted, or the questions asked absent good cause." (citation omitted)). Plaintiff has not demonstrated good cause for such a limitation on the scope of the examination.

The presumption in federal court is that counsel will not be present for such an examination absent a showing of special circumstances. *See, e.g.*, *Picinich v. Cnty. of Nassau*, No. 18-CV-2018 (GRB) (JMW), 2022 WL 3704217, at *2 (E.D.N.Y. Aug. 26, 2022) ("The presence of attorneys at IMEs, especially psychiatric ones, are often denied in federal courts because of the special nature of such an examination which relies upon unimpeded one-on-one communication between doctor and patient."). Plaintiff has not made a showing that any such special circumstances would warrant counsel's presence at Plaintiff's examination.

At least two weeks before the IME is scheduled to be performed, pursuant to Rule 35(a)(2), Defendants must provide to Plaintiff the name of the person who will be performing the examination; the scope of the examination, and the manner in which the examination will be conducted, including a list of all tests, assessments, and procedures that will be performed. Plaintiff will have an opportunity at that time to raise any objections with the Court with respect to the scope, conditions, and manner of the proposed examination.

**B. Motion to Compel Forensic Examination of Cellphone**

With respect to the motion to compel a forensic examination of the cell phone of non-party witness Allison Deleget, Plaintiff has not met her burden of establishing good cause for such discovery. In response to Plaintiff's discovery requests, Ms. Deleget, an employee of Defendant NYU Langone Hospital, searched her phone for relevant text messages, took screenshots of those messages, and turned them over to counsel for Defendants. Ms. Deleget did not turn over any text messages predating December 2023, however, because prior to the initiation of this suit, she obtained a new cellphone and older text messages were not transferred to the new device. ECF No. 64 at 2. Her prior cellphone also did not save messages to iCloud, as this feature was disabled in her settings. *Id*. Plaintiff hypothesizes that a forensic examination

3

of the phone and any linked data sources might uncover backup messages or synced data. ECF No. 62 at 2.

"'Forensic examinations of computers and cell phones are generally considered a drastic discovery measure because of their intrusive nature.'" *Lebenns v. Frost Prods.*, No. 21-CV-11155 (JLR) (JW), 2023 WL 8280405, at *3 (S.D.N.Y. Nov. 30, 2023) (citation omitted). Forensic examination can be appropriate, however, where "there is reason to believe that a litigant has tampered with the [device] or hidden relevant materials" or "improper conduct on the part of the responding party." *Aminov v. Berkshire Hathaway Guard Ins. Companies*, No. 21-CV-479-DG-SJB, 2022 WL 818944, at *1 (E.D.N.Y. Mar. 3, 2022).

Plaintiff proffers two justifications for such forensic examination of Ms. Deleget's personal cellphone. First, Plaintiff argues that Ms. Deleget's manual search of her own phone for relevant text messages is inadequate, as "self-collection by ESI custodians is strongly disfavored." ECF No. 62 at 2 (quoting *Zhulinska v. Niyazov Law Group, P.C.*, No. 21-CV-1348, 2021 WL 5281115 at *2 (E.D.N.Y. Nov. 12, 2021)). Second, Plaintiff contends that the loss of text messages constitutes potential spoliation, as Ms. Deleget changed phones after Plaintiff sent a pre-litigation preservation request in May 2022. *Id.*

Plaintiff's arguments ignore Ms. Deleget's status as a third party witness. Ms. Deleget is not a defendant to this action. The notion that Ms. Deleget should have hired an ESI vendor to search her phone for a limited set of text messages pertaining to Plaintiff is not reasonable or proportionate. Nor, in the circumstances of this case, would it have been reasonable to expect Ms. Deleget to turn over her personal phone, containing all manner of personal and private information, to her employer to conduct an invasive and intrusive search.

With respect to the spoliation issue, there is no claim here that Defendant NYU Langone Hospital engaged in spoliation. Rather, the argument is that Ms. Deleget, by changing phones,

4

engaged in spoliation. As an initial matter, it is doubtful that these actions can properly be imputed to Defendant. *Lebenns*, 2023 WL 8280405, at *3 (upholding decision by magistrate judge to deny motion to compel forensic imaging of computer where only misconduct alleged was that of the defendant's employee, and not the defendant itself). More fundamentally, this record does not support a finding of spoliation. The preservation notice at issue would not have put Defendants on notice that Ms. Deleget was an appropriate custodian in this case, such that preservation efforts should have been undertaken. Ms. Deleget is not mentioned in the notice and she is not one of the employees whose actions are at issue in this lawsuit.

      The Clerk of Court is directed to terminate ECF Nos. 62 and 63.

Dated: July 16, 2025
      New York, New York

                                                          JEANNETTE A. VARGAS
                                                          United States District Judge