UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIJEANNE LIEDERBACH,<br><br>                 Plaintiff,<br><br>          v.<br><br>NYU LANGONE HOSPITALS, GAIL CHORNEYAND JOSE LABARCA III,<br><br>                 Defendants. | 24-CV-00742 (JAV)<br><br>**<u>ORDER</u>** |

JEANNETTE A. VARGAS, United States District Judge:

       Plaintiff requests that the Court enforce its July 16, 2025 Order (ECF No. 66) (the "Order") and compel Defendants to provide a list of all proposed tests, assessments, and procedures that will be performed during the IME of Plaintiff. ECF No. 67. Specifically, Plaintiff asks that the Court compel Defendants to identify the names of the tests that will be administered as part of the IME so that Plaintiff can raise any objections. *Id.* In response, Defendants represent that they sent an email to Plaintiff on July 24, 2025, explaining what the examination would entail. ECF No. 68. The e-mail explained that the IME "will be a face-to-face psychological evaluation concerning plaintiff's overall mental condition and more specifically her mental state as it relates to her employment at NYU Langone, her cancer diagnosis, the termination of her employment, and the effect(s) of the cancer diagnosis and termination of employment on Plaintiff's mental state, including any injuries/damages allegedly attributable to the defendants' actions." *Id.* Defendants also stated that "[a] personality inventory, which is a written questionnaire, [would] be administered" along with "an examination consisting of oral questioning." *Id.* Defendants attest that the written questionnaire will be a "recognized personality inventory that is routinely used in psychological testing," but that forcing their expert to identify by name the specific test that will be administered could

undermine the examination's integrity.  *Id.*  Defendants have provided support for their argument by providing the American Psychological Association's resolution regarding psychological test security and validity.  *See* ECF No. 68, Ex. A.

In accordance with Rule 35, the Court's order required Defendants to provide Plaintiff with information regarding the scope and manner of the examination.  Defendants have done so, sufficiently describing the nature of the testing to be administered so that Plaintiff can raise any appropriate objections.  Plaintiff is not entitled under Rule 35 to the name of the specific personality inventory that is to be conducted, however.  *Robinson v. De Niro*, 600 F. Supp. 3d 286, 291 (S.D.N.Y. 2022); *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 609 (C.D. Cal. 1995).

Plaintiff's motion to compel is hereby DENIED.  The Clerk of Court is directed to terminate ECF No. 67.

Dated: August 15, 2025
       New York, New York

                                                JEANNETTE A. VARGAS
                                                United States District Judge