UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                                :

MARIJEANNE LIEDERBACH,              :

                                :

          Plaintiff,         :

                                :         24-CV-00742 (JAV)

      -v-                  :

                                :           ORDER

NYU LANGONE HOSPITALS, et al.,     :

                                :

         Defendants.      :

                                :
--------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

On January 7, 2026, Plaintiff filed a motion to compel non-party Dr. Jacqueline Bashkoff, Defendants' expert witness, to produce "[a]ll documents concerning any formal complaint, charge, or grievance filed against YOU in any legal or administrative proceeding, or with any professional licensing board, ethics committee, or medical association, for the last ten (10) years," as requested in a subpoena served upon her. ECF No. 97 at 1. Dr. Bashkoff responded to the subpoena on October 2, 2025, objecting generally and specifically. *Id.*, Ex. A at 2-3, 7; ECF No. 98 at 1. Dr. Bashkoff objects that the requested information is irrelevant, not proportional to the needs to the case, and not reasonably calculated to lead to the discovery of admissible evidence. ECF No. 98 at 1. She further objects that the request requires production of information and documents beyond the scope of Federal Rule of Civil Procedure 26(b)(4)(C). *Id.* For the following reasons, Plaintiff's motion to compel is GRANTED IN PART AND DENIED IN PART.

Defendants' argument that Rule 26(b)(4)(C) protects discovery of the information sought by Plaintiff is unavailing. Rule 26(b)(4)(C) clarifies that, subject to certain protections, "Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness

required to provide a report under Rule 26(a)(2)(B)." Fed. R. Civ. P. 26(b)(4)(C).  Defendants do not argue that the information Plaintiff seeks consists of communications between Defendants' attorneys and a witness involving information required to provide a report under Rule 26(a)(2)(B).  *See id.* at 2.  Instead, Defendants argue that the information Plaintiff seeks is beyond the scope of what Rules 26(a)(2) and 26(b)(4) require Dr. Bashkoff to produce and, that any additional information is therefore not discoverable.  *Id.*  Defendants' argument is incorrect. Rules 26(a)(2) and 26(b)(4) do not set the outer boundaries of what is discoverable and therefore do not prohibit discovery of the information Plaintiff seeks here.  *See generally* Fed. R. Civ. P. 26.

Defendants' general objections are more compelling.  *See* ECF No. 98 at 3.  To the extent Plaintiff's request seeks information about complaints, charges, or grievances against Dr. Bashkoff that are unrelated to Dr. Bashkoff in her professional capacity, the Court agrees that the request is not proportional to the needs of the case and is not reasonably calculated to lead to the discovery of admissible evidence.  The Court also agrees that a period of five years is more appropriately tailored to the needs of the case.

Accordingly, Plaintiff's motion to compel is GRANTED IN PART AND DENIED IN PART.  By **February 4, 2026**, Defendants shall identify and produce all documents concerning formal complaints, charges, or grievances filed against Dr. Bashkoff in her professional capacity in the last five years.  The Clerk of Court is directed to terminate ECF No. 97.

SO ORDERED.

Dated:  January 20, 2026
        New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

2